IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00923-WJM-KLM

DONALD BENNETT,

    Plaintiff,

v.

SSC PALISADE OPERATING COMPANY, LLC, a Delaware Limited Liability Company,

    Defendant.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's oral Motion to Compel a response to Request for Production No. 1 (the "Motion"). The Court held a hearing on the Motion on July 30, 2014. For the reasons set forth below, the Motion is **GRANTED**.

**I. Background**

    This case involves a claim under the Colorado Wrongful Death Act, Colo. Rev. Stat. § 13-21-201 through § 13-21-204, resulting from the death of Plaintiff's wife after a fall in a nursing home run by Defendant. *Compl.* [#1][1] at 10-15. The request for production of documents at issue seeks "the personnel files of agents and employees of Defendants involved in Mrs. Bennett's complained of fall injury, including, but not limited to records or documents in any way discussing or involving termination or discipline or other facility

---

[1] "[#1]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Order.

1

action taken with respect to any involved employees and/or the reasons for the same. These employees include, but are not limited to, . . . the involved nurse at the north station. . . ." *Defendant's Response to Plaintiff's First Set of Discovery Requests* (the "Response"), attached as Exhibit A, at p. 9. Plaintiff subsequently voluntarily limited the scope of Request for Production No. 1 to disciplinary records of the identified employees. *Id.* at 11. In its Response, Defendant objected on several bases, including that the request violated the employees' "constitutional rights to privacy and confidentiality as recognized in *Martinelli v. District Court*, 612 P.2d 1083, 1089 (Colo. 1980)," and that the information could be obtained "in a less intrusive manner through either or both more targeted discovery or depositions." *Id.* at 10. In its "General Objections" to the discovery requests, Defendant cited "the Colorado Quality Management statute, as codified at C. R. S. § 25-3-109," and "the federal quality assurance privilege codified at 42 U.S.C. §§ 1395i-3(b)(1)(B) and 1396r(b)(1)(B)." *Id.* at 2. At the hearing, Defendant provided the responsive documents, which consist of two pages regarding Nurse Louise Gullikson, to the Court for *in camera* review. The Court addresses each of Defendant's objections below.

## II. Analysis

### A.   Privacy

Discovery in federal court is governed by the Federal Rules of Civil Procedure, regardless of whether federal court jurisdiction is based on federal question or diversity of citizenship. *See Everitt v. Brezzel,* 750 F.Supp. 1063, 1065 (D. Colo. 1990). Although federal law does not provide absolute protection from disclosure for personnel records, applicable precedent directs the Court to weigh the need for privacy against the need for

disclosure in circumstances like these. *Rivera v. UNUM Life Ins. Co.*, No. 11-cv-02585-WYD-KLM, 2012 WL 2709138 at *4 (D. Colo. July 9, 2012). If a state doctrine promoting confidentiality does not conflict with federal interests, it may be taken into account as a matter of comity. *Gottlieb v. Wiles,* 143 F.R.D. 235, 237 (D. Colo. 1992).

Defendant urges the Court to consider the constitutional right to privacy as recognized by the Colorado Supreme Court in *Martinelli v. District Court*, 612 P.2d 1083. In *Martinelli*, the court acknowledged the Fourteenth Amendment "right to privacy which protects the individual interest in avoiding disclosure of personal matters." *Id.* at 1091. The court established a three-part test to determine whether allegedly confidential information should be disclosed. However, the test adopted in *Martinelli* involved determination of whether disclosure of the confidential material was required to serve "a compelling state interest." *Id.* As later recognized by the court, making this determination proved difficult, as the compelling-state-interest portion of the test could not be easily applied to cases involving private parties. Accordingly, in *In re District Court,* 256 P.3d 687 (Colo. 2011), the Colorado Supreme Court modified the *Martinelli* test by holding that "trial courts should apply a comprehensive framework – incorporating, as appropriate, the principles from both tests – to all discovery requests implicating the right to privacy." *Id.* at 691. The court further held:

> The party requesting the information must always first prove that the information requested is relevant to the subject of the action. Next, the party opposing the discovery request must show that it has a legitimate expectation that the requested materials or information is confidential and will not be disclosed. If the trial court determines that there is a legitimate expectation of privacy in the materials or information, the requesting party must prove either that disclosure is required to serve a compelling state interest or that there is a compelling need for the information. If the

> requesting party is successful in proving one of these two elements, it must then also show that the information is not available from other sources. Lastly, if the information is available from other sources, the requesting party must prove that it is using the least intrusive means to obtain the information.

*Id.* at 691-92.

Application of the modified *Martinelli* test results in the conclusion that disclosure of the two-page document in dispute is appropriate here.  The document reflects disciplinary action about the incident with Mrs. Bennett against the nurse who was directly involved in that incident, as well as the nurse's view of the incident.  The issue of whether the improper actions of any of Defendant's agents caused Mrs. Bennett's death is relevant to her claim. *See Estate of Rice ex rel. Garber v. City & County of Denver, Colo.*, No. 07-cv-01571-MSK-BNB, 2008 WL 2228702 at *6 (D. Colo. May 27, 2008) (ordering discovery of post-incident investigations and discipline records or employees of defendant).  The Court assumes, *arguendo*, that the Defendant has a legitimate expectation that the disciplinary record is confidential because it is undoubtedly a personnel record.  However, Plaintiff has successfully demonstrated a compelling need for the information, both because it reflects Defendant's and the nurse's version of the events leading to Mrs. Bennett's fall (Mrs. Bennett cannot speak for herself, of course) and because it reflects whether the Defendant viewed the nurse's actions as improper.  Plaintiff has also shown that the information *may*, but is not likely to, be available from other sources.  The document contains a lengthy statement of the nurse's opinions about the incident at issue.  Ms. Gullikson is no longer employed by Defendant.  Both Plaintiff's and Defendant's counsel recounted numerous recent attempts to contact her  about the incident, to no avail.  Thus, although the information from the portion of the document that relates to the Defendant's actions may

be obtainable through testimony of Defendant's representatives, the portion which expresses Ms. Gullikson's opinions is likely not obtainable from other sources, except through hearsay testimony by Defendant's representatives.  Finally, the Court finds that production of the two-page document is the least "intrusive" means to obtain the information, as discussed in more detail below.

Defendant argues that Plaintiff could propound "more targeted discovery" or take the depositions of company representatives to learn about the discipline imposed on the nurse relating to this incident.  The Court does not understand how the discovery request could be more targeted; Plaintiff seeks disciplinary records relating to the Defendant's employees who were directly involved in the incident.  Moreover, even if there were a "more targeted" method of discovery to obtain the information sought, "more targeted " doesn't mean less intrusive.  In addition, the Court is not convinced that taking the depositions of one or more company representatives and/or Ms. Gullikson to testify about the discipline imposed on her is less "intrusive" than producing a two-page contemporaneous document that contains that information.  As mentioned above, Ms. Gullikson is no longer employed by Defendant. "Intrusive" means "causing disruption or annoyance through being unwelcome or uninvited." Intrusive, Oxford Dictionaries, http://www.oxforddictionaries.com/us/definition/american_english/intrusive (last visited Aug. 1, 2014).  Producing the document involves virtually no "disruption or annoyance" to anyone.  It does not involve requiring any person to refresh his or her recollection of events that occurred more than one year ago.  It does not require tracking down the nurse, who is obviously reluctant to be found, nor does it involve asking her embarrassing questions about her previous work record.  It does not involve having a company representative or representatives answer questions under oath

about an incident in which they may not have been directly involved. Hence, based on the record before me, production of the document is the least intrusive method to obtain this relevant information. Accordingly, application of the *In re District Court* test leads to the conclusion that Defendant should produce the document.

**B.     Privileges**

First, it must be noted that a party asserting a privilege has the burden of showing that the privilege applies. *Atteberry v. Longmont United Hosp.*, 221 F.R.D. 644, 649 (D. Colo. 2004). To carry that burden, the party must make a "clear showing" that the withheld information is privileged. *Bethel v. United States*, 242 F.R.D. 580, 583 (D. Colo. 2007).

Second, it must be noted that state law controls the privilege issue raised by the Defendant in this case because the single claim pled is based on state law. *See* Fed. R. Evid. 501(2014); *see also Zander v. Craig Hosp.,* 743 F. Supp.2d 1225, 1230 (D. Colo. 2010); *Atteberry,* 221 F.R.D. at 646 (D. Colo. 2004). Moreover, "neither the United States Supreme Court nor the Tenth Circuit Court of Appeals has recognized a medical peer review privilege under federal common law." *Atteberry*, 221 F.R.D. at 647. Regardless of whether the "federal quality assurance privilege" referenced by Defendant is a creature of federal statute or federal common law, it is not applicable here.

Defendant also cites Colo. Rev. Stat. § 25-3-109 as the source of a quality assurance privilege which precludes production of the document. As the court in *Atteberry* pointed out, "the quality management privilege created by section 25-3-109 attaches only to 'quality management functions which are described by a facility in a quality management program approved by the department of health and environment.'" *Id.* at 648. Thus,

> [i]n order to establish that information is privileged under the Colorado quality management privilege, [a health care provider] must show, at a minimum, that (1) it has a quality management program which has been approved by the Colorado department of public health and environment, and (2) the information claimed to be privileged was obtained and maintained in accordance with the approved privilege.

*Zander*, 743 F. Supp. 2d at 1231.

Defense counsel freely conceded at the hearing that he does not have a copy of any such quality management program and cannot aver that the information described in the document in dispute was obtained and maintained in accordance with a "quality management function" as described in any such program, should one exist. Moreover, on its face, the first page of the document is entitled "Disciplinary Action Record." This strongly suggests that the information in the document was obtained for disciplinary purposes, not for quality assurance purposes. There is no reference to any quality management program in the document.

Under these circumstances, Defendant's argument about application of the state quality assurance privilege is frivolous. I have not been presented with any evidence that the Defendant has a quality management program approved by the department of health and environment or that the document sought is a "record[ ], report[ ], or other information . . . that [is] part of a quality management program. . . ." Colo. Rev. Stat. § 25-3-109(3)**.** Thus, the prerequisite to the claimed privilege has clearly not been met.

### III. Conclusion

For the reasons set forth above, IT IS HEREBY **ORDERED** that Plaintiff's oral Motion to Compel production of documents in response to Request for Production of Documents No. 1 is **GRANTED**. Defendant shall produce the document Bates-stamped

"Bennett 007075" and "Bennett 007076" to Plaintiff **no later than August 6, 2014.**

Dated: August 1, 2014

BY THE COURT:

*[signature]*

Kristen L. Mix
United States Magistrate Judge